IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>OAKLAND SUPERIOR COURT,<br><br>　　　　Respondent. | No. C 12-0080 WHA (PR)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST** |

　　　　Petitioner, a California state inmate, has filed a petition for writ of habeas corpus challenging his conviction and sentence in state court. Although he used the form for habeas petitions under 28 U.S.C. 2255, that Section applies to challenges to sentences obtained in federal court. Challenges to state court convictions and sentences are cognizable under 28 U.S.C. 2254, and the instant petition is consequently construed as a petition under Section 2254.

　　　　An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court, such as petitioner, may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

　　　　Petitioner has not done so; nor has he presented any exceptional circumstances to excuse

his doing so. *See Granberry*, 481 U.S. at 134. Petitioner does not indicate that he has filed any appeals of his conviction or sentence in the section of the form petition that asks for this information. Moreover, he was sentenced in the trial court on November 8, 2011, only one month prior to his signing the instant petition. This is not sufficient time to complete either a direct appeal or a collateral challenge to his conviction and sentence in the California Supreme Court, which exhaustion requires. Prior to bringing his claims in federal court, petitioner must fairly present them to the California Supreme Court. The instant petition is therefore **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

Leave to proceed in forma pauperis (docket number 2) is **GRANTED**.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January    27   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\EVANS0080.DSM.wpd

United States District Court
For the Northern District of California

2